IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:   3:20-cv-00204-MMH-JBT

LESTER ALLGARY,

  Plaintiff,

vs.

BILL LEEPER, as Sheriff, Nassau County,
Florida, in his official capacity, and
KYLE THOLL, former Nassau County
Deputy Sheriff, in his individual
Capacity,

  Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, BILL LEEPER AS SHERIFF OF NASSAU COUNTY, FLORIDA TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Defendant, BILL LEEPER, in his official capacity as Sheriff of Nassau County, Florida, by and through his undersigned counsel, for his Answer and Affirmative Defenses to Plaintiff's Second Corrected Amended Complaint (Doc. 27) and would state as follows:

1. Admit that Defendant Bill Leeper, as Sheriff of Nassau County, is sued in his official capacity only.

2. Admit that Bill Leeper is and at all times relevant to this matter the Sheriff of Nassau County, Florida.

3. Admit that Defendant Kyle Tholl, was previously employed by the Nassau County Sheriff in the capacity of Deputy.

4. Admit that Defendant Tholl is sued in his individual capacity.

5. Admit that on or about October 17, 2017 Defendant Tholl conducted a traffic stop on a vehicle being driven by the Plaintiff, Lester Allgary.

6. Admit that following the traffic stop of the Plaintiff's vehicle on October 17, 2017, Defendant Tholl charged and arrested the Plaintiff Lester Allgary with crimes of Trafficking of a Controlled Substance (Methamphetamine) and Possession of a Firearm by a Convicted Felon.

7. Admit that subsequent to October 17, 2017 an investigation occurred into potential wrongful actions by Mr. Tholl which concluded in his termination, criminal prosecution and a plea agreement by Defendant Tholl surrendering his law enforcement certification.

8. Except as herein above expressly and specifically admitted, this Defendant denies and/or denies specific knowledge regarding each and every remaining allegation of the Plaintiff's Second Corrected Amended Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Defendant Bill Leeper, as Sheriff of Nassau County, affirmatively alleges that there is no custom, policy, practice or procedure which provided the moving force or cause of any alleged violation of Plaintiff's constitutional rights. The Plaintiff bears the burden of proof on this issue.

2. Defendant Bill Leeper, as Sheriff of Nassau County, affirmatively alleges that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff has failed to make sufficient allegation of ultimate fact from which it may be determined that a claim for relief has been stated.

3. Defendant Bill Leeper, as Sheriff of Nassau County, affirmatively alleges that any violation of Plaintiff's constitutional rights did not occur pursuant to an official promulgated policy, an unofficial custom or practice of this Defendant.

4. Defendant Bill Leeper affirmatively alleges that a Nassau County Sheriff did not condone or permit falsification of evidence, thus, any allegations of misconduct against Defendant Tholl were strictly contrary to written policy and procedure for Deputies employed by this Defendant.

5. Defendant Leeper would affirmatively allege that the Sheriff's practices and procedures related to hiring and retention of deputies including, Defendant Tholl, were consistent with customary police practices and procedures as followed by similar agencies within the State of Florida. This Defendant further alleges that his policies and procedures were consistent with practices and procedures utilized by the Florida Department of Law Enforcement for background investigations.

6. This Defendant affirmatively alleges that Plaintiff's claim for alleged failure to train, supervise and discipline Defendant Tholl fails to state a cause of action under 42 U.S.C. §1983. This Defendant was not aware of the need for further training or supervision in any particular area involving Defendant Tholl and did not make a deliberate choice to ignore an obvious need for training and supervision of Defendant Tholl.

7. This Defendant would affirmatively allege that pursuant to *City Canton v. Harris*, 49 U.S. 388-389, in order to establish liability for failure to train, Plaintiff must prove:

   1. "That the City had an inadequate training program;" 2. "That the City was on notice of the inadequacies;" 3. "And that the City was deliberately indifferent to that need such that it can be called an official policy." As a result, this Defendant

        affirmatively alleges that Plaintiff cannot establish facts to show failure to train and/or supervise under 42 U.S.C. §1983.

8. Defendant Sheriff Leeper affirmatively alleges that any decisions concerning customs, policies or practices for the training, supervision and hiring of deputies are subject to the doctrine of sovereign immunity under Federal and State law.

9. Defendant Bill Leeper, as Sheriff of Nassau County would affirmatively allege that the Nassau County Sheriff's Office did not have knowledge of improper or illegal conduct by Defendant Tholl prior to the date of Plaintiff's arrest. Furthermore, this Defendant has no knowledge of any evidence of disproportional number of drug arrests by former Deputy Tholl as compared to other deputies in similar positions at the Nassau County Sheriff's Office.

10. Defendant Bill Leeper, as Sheriff of Nassau County, affirmatively alleges that this Defendant was not aware of any risk that a violation of a particular constitutional or statutory right would occur to Plaintiff as a result of hiring Defendant Tholl. Specifically, there is no evidence of a deliberate indifference to a risk that a violation of a particular constitutional or statutory right would follow the decision to hire Defendant Tholl.

WHEREFORE, this Defendant respectfully requests this Honorable Court to issue its order dismissing the Plaintiff's Complaint against him, awarding this Defendant costs and this Defendant request trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2021, a true copy hereof has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to Plaintiff's counsel, **Donald E. Pinaud, Jr**., All Florida Justice, LLC., 4495-304 Roosevelt Boulevard, Suite 202, Jacksonville, FL 32210.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
David R. Jadon, Esquire
Fla. Bar No. 1010249
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
djadon@hilyardlawfirm.com
Attorneys for Defendant, Bill Leeper, as Sheriff of Nassau County, Florida